**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **GUADALUPE GUAJARDO JR. #170864,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | A-07-CA-143  SS |
| | § | |
| **CHRISTINA MELTON CRAIN,** | § | |
| **NATHANIEL QUARTERMAN,** | § | |
| **ALFRED JANICEK, and** | § | |
| **KAREN MAHONE,** | § | |
| | § | |
| **Defendants.** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE SAM SPARKS
        UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended, effective December 1, 2002.

Before the Court are Plaintiff's Petition for Restraining Order and/or a Protective Order (Document No. 1) and Plaintiff's original complaint (Document No. 6).  Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

**I.  BACKGROUND**

On February 28, 2007, the Court received Plaintiff's "Petition for Restraining Order and/or Protective Order."  Plaintiff had not filed an original complaint.  Accordingly, the Court ordered Plaintiff to file a complaint.  On March 23, 2007, the Court received Plaintiff's original complaint.

He sues Christina Melton Crain (Chairperson of the Texas Board of Criminal Justice), Nathaniel Quarterman (Director of the Texas Department of Criminal Justice - Correctional Institutions Division), Alfred Janicek (Warden of the Ellis Unit), and Karen Mahone (Law Library Supervisor at the Ellis Unit).

At the time Plaintiff filed his complaint, Plaintiff was an inmate at the Ellis Unit. By way of his complaint, Plaintiff attacks the validity of a prison policy governing inmate property. He contends the limitations imposed by the policy have violated his constitutional rights.

Specifically, he is attacking TDCJ Administrative Directive AD-03.72. According to Plaintiff, he has experienced problems regarding the storage of his property off and on since the 60's. However, Plaintiff states he had no recent problems with his legal materials until the night of January 22, 2007. Plaintiff alleges a young untrained officer ransacked his storage container and scattered his legal materials all over his bunk. Plaintiff claims his yellow mesh bag was missing along with some of his medical records. According to Plaintiff, he wrote an I-60 directed to the law librarian regarding the matter. The law librarian, Defendant Mahone, responded that Plaintiff had failed to return a completed ATC-01 and ATC-03 in a timely manner. She additionally advised that Plaintiff did not qualify for subsequent storage but stated he may resubmit his request in 90 days.

Plaintiff fears he will be denied access to the courts. He challenges AD-03.72, requesting the Court to review the policy for equality, discrimination and implementation. Plaintiff contends inmates who have in excess of 2.0 cubic feet of legal materials should be given an extra locker box. In addition, he contends inmates should not be required to store their excess legal materials in their personal property locker box. He further claims the extra legal storage boxes should be made accessible to officers for the purpose of checking contraband only. Plaintiff further contends those

2

inmates who possess legal books and other texts should be provided an extra legal book box not to exceed 2.0 cubic feet.  Plaintiff maintains the extra legal storage boxes would not be a burden to prison administration.

## II.  STANDARD OF REVIEW

This Court is charged with reviewing every complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  On review, the court must dismiss any portion of the complaint which is frivolous, malicious, fails to state a claim or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.A. § 1915A(b).  Section 1915A "applies regardless of whether the plaintiff has paid a filing fee or is proceeding in forma pauperis."  *Ruiz v. United States*, 160 F.3d 273, 274-75 (5th Cir. 1998).

## III.  ANALYSIS

### A.  Failure to State a Constitutional Violation

#### 1.  Access to Court

Plaintiff appears to argue the limitations on his storage space violate his constitutional right of access to court.  Prisoners have a constitutionally protected right of access to the courts.  *Bounds v. Smith*, 430 U.S. 817, 821, 97 S. Ct. 1491, 1494 (1977); *Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir. 1993).  This right of access for prisoners is not unlimited.  *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997).  Rather, it encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement.  *Lewis v. Casey*, 518 U.S. 343, 351, 116 S. Ct. 2174, 2182 (1996).  Thus, to prevail on a denial of access to

the courts claim under section 1983, a plaintiff must show an actual injury in connection with an identifiable legal proceeding. *Id.*, 518 U.S. at 349-53, 116 S. Ct. at 2180.

Plaintiff merely fears he will be denied access to courts. He does not allege he has experienced an actual injury as a result of the policy regarding legal property. As such, Plaintiff's allegations fail to "identify a 'nonfrivolous,' 'arguable' underlying claim" that Plaintiff was unable to pursue. *Christopher v. Harbury*, 536 U.S. 403, 415, 122 S. Ct. 2179, 2187 (quoting *Lewis*, 518 U.S. at 353 & n.3, 116 S. Ct. 2174, 1281 & n.3).

## 2. Due Process

Plaintiff also attacks the prison directive as violative of his right to due process.[1] To succeed on a substantive due process claim, a plaintiff must cross two hurdles. First, he must allege a deprivation of a constitutionally protected right. *Mikeska v. City of Galveston*, 451 F.3d 376, 379, (5th Cir. 2006); *Simi Inv. Co. v. Harris County*, 236 F.3d 240, 249 (5th Cir. 2000). The second prong of the substantive due process test is whether the governmental action was "rationally related to a legitimate governmental interest." *Mikeska*, 451 F.3d at 379; *FM Props. Operating Co. v. City of Austin*, 93 F.3d 167, 174 (5th Cir. 1996). Plaintiff has not satisfied either prong.

---

[1] It is not clear whether Plaintiff is intending to assert a procedural or substantive due process claim. To the extent he is seeking to assert a procedural due process claim concerning any deprivation of property, where the plaintiff has an adequate post-deprivation tort remedy under state law, the deprivation is not without due process of law, and therefore such an allegation fails to state a constitutional claim. *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 3204 (1984); *Al-Ra'id v. Ingle*, 69 F.3d 28, 32 (5th Cir. 1995). Even an intentional deprivation which was made without regard to the proper procedural regulations would not violate procedural due process if the state furnished an adequate post-deprivation remedy. *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994). In Texas, the tort of conversion fulfills this requirement. *Id.*

"The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569, 92 S. Ct. 2701, 2705 (1972).  In addressing a previous version of the property regulation at issue here, the Fifth Circuit noted it was "highly dubious that a facially neutral prison storage space limitation" violated a prisoner's exercise of constitutional rights.  *Long v. Collins*, 917 F.2d 3, 4 (5th Cir. 1990).  In addressing the current regulations, several courts, including the Fifth Circuit, have cited this reasoning in holding those regulations do not violate the Due Process Clause.  *Duplantis v. Carmona*, 85 Fed. Appx. 397, 398 (5th Cir. 2004); *Bilbrew v. Wilkinson*, 2005 WL 3019743, *8 (S.D. Tex. Nov 10, 2005); *Bagley v. Quada*, 2005 WL 2757366, *7 (S.D. Tex. Oct 25, 2005).  In light of those holdings, Plaintiff has not stated an actionable due process claim.

### 3. Equal Protection

Plaintiff also appears to challenge the directive under the Equal Protection Clause.  To establish a denial of equal protection of the law, Plaintiff must prove Defendants "created two or more classifications of similarly situated prisoners that were treated differently, . . . and (2) that the classification had no rational relation to any legitimate governmental objective." *Stefanoff v. Hays County*, 154 F.3d 523, 527 (5th Cir. 1998).  Further, he must demonstrate Defendants acted with a "discriminatory purpose." *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995). "Discriminatory purpose . . . implies that the decisionmaker selected a particular course of action at least in part because of, and not simply in spite of, the adverse impact it would have on an identifiable group." *United States v. Galloway*, 951 F.2d 64, 65 (5th Cir. 1992). "Disparate impact alone cannot suffice to state an Equal Protection violation; otherwise, any law could be challenged on Equal Protection

grounds by whomever it has negatively impacted." *Johnson v. Rodriguez*, 110 F.3d 299, 306 (5th Cir. 1997).

Plaintiff makes no allegation that a discriminatory intent in any way motivated the alleged unequal treatment.  It is not inherently discriminatory to treat inmates who choose to engage in litigation differently as to the amount of personal space they are allotted.  It is also not inherently discriminatory to utilize the property boxes available regardless if one might be slightly larger than the other.  As discussed above, Plaintiff also has not alleged this differential treatment has impaired the exercise of his constitutional right of access to court.  Thus, because Plaintiff fails to allege discriminatory intent, he has failed to establish the application of the property policy is a violation of equal protection.

### III.  RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e) and all pending motions be dismissed as moot.

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order

of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff should be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

## IV.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 29th day of March, 2007.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE